Ramiro Gaytan GABRIEL, Petitioner,

v.

Peter D. KEISLER,* Attorney General, Respondent.

No. 05–77164.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 2, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Ramiro Gaytan Gabriel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. We grant the petition for review and remand.

The IJ determined that Gaytan Gabriel was "barred from cancellation of removal" because he failed to demonstrate the requisite good moral character on account of having falsely represented himself to be a United States citizen when he reentered the United States after a trip to Mexico in 1997. The BIA adopted and affirmed the IJ's decision, explicitly agreeing that the record supported the determination that Gaytan Gabriel "lacks good moral character *for cancellation eligibility purposes*" because of the false claim of citizenship. On the record before us, we cannot tell whether the agency exercised its discretion in determining that Gaytan Gabriel lacked the requisite good moral character for cancellation of removal. *See Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005) ("Although we lack jurisdiction to review discretionary determinations of moral character, we have jurisdiction to determine whether a petitioner's conduct falls within a per se exclusion category ...."). We therefore remand to the BIA to clarify whether the agency determined that Gaytan Gabriel lacked the requisite good moral character as a matter of discretion or because it believed the determination was statutorily required.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW GRANTED; REMANDED.**